IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALPHONSE J. MENDY,

    **Plaintiff,**

v.

            Case No. 17-2322-DDC-GLR

AAA INSURANCE, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER DISMISSING REMAINDER OF THE CASE
WITHOUT PREJUDICE**

The court twice has ordered plaintiff to make allegations capable of supporting his assertion that the court has diversity jurisdiction over this case. *See* Docs. 14-1 & 20. The court also has warned plaintiff that his failure to assert facts capable of supporting diversity jurisdiction will result in the court's dismissal of the remainder of his case without prejudice. Doc. 14-1 at 2; Doc. 20 at 4. In his two responses to the court's show cause orders, plaintiff never identifies the citizenship of one of the defendants he has named in this lawsuit—ABC Insurance Company.[1] The court repeatedly has explained to plaintiff that he shoulders the burden to establish diversity jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that "the burden of establishing" federal jurisdiction "rests upon the party asserting jurisdiction"). And, the court repeatedly has asked him to provide information about defendant ABC Insurance Company's citizenship so that the court can

---

[1] Plaintiff names ABC Insurance Company in the caption of his Complaint. He also identifies ABC Insurance Company as "a Kansas or foreign insurance company licensed to do business and doing business in Kansas . . . ." Doc. 1 (Compl. ¶8(B)). And, his Complaint seeks judgment against ABC Insurance Company. *Id.* at 21. Also, the Complaint repeatedly refers to defendants—in the plural form.

2

determine whether diversity jurisdiction exists here.  Plaintiff has failed to discharge his burden to establish diversity jurisdiction.

In its October 5, 2017 Memorandum and Order, the court dismissed plaintiff's asserted federal claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure because they failed to state a claim for relief as a matter of law.  Doc. 13.  And, the court declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's remaining state law claims.  *Id.* at 20.  Because plaintiff repeatedly has failed to establish that the court has diversity jurisdiction over his remaining state law claims, the court dismisses them without prejudice.

The court also dismisses the remainder of this case without prejudice under Federal Rule of Civil Procedure 41(b) for plaintiff's failure to comply with court orders.  *See Young v. United States*, 316 F. App'x 764, 771 (10th Cir. 2009) (explaining that Rule 41(b) "authorizes . . . district courts to dismiss actions *sua sponte*" for a party's failure to follow court orders and a district court need not "follow any particular procedures when dismissing an action without prejudice under Rule 41(b).").

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims and thus dismisses the remainder of this case without prejudice.  The court also dismisses the remainder of this case without prejudice under Rule 41(b) for plaintiff's failure to follow court orders.

**IT IS SO ORDERED.**

**Dated this 17th day of November, 2017, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**